UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

NDEILE YAKHOUB,

            Petitioner,
v.                                                          6:25-CV-06734-MAV

**ORDER**

JOSEPH FREDEN, Deputy Field Office Director,
Buffalo Field Office, et al.,

            Respondents.
_____

      Petitioner Ndeile Yakhoub, a citizen of Mauritania, filed the instant petition for a writ of habeas corpus under 28 U.S.C. § 2241 on December 4, 2025, while being held as a civil immigration detainee at the Buffalo Federal Detention Facility. ECF No. 1 at 2, 5, 11. Accordingly, the Court has jurisdiction over this matter. *See Rumsfeld v. Padilla*, 542 U.S. 426, 443–47 (2004). According to the petition, Petitioner had been released from Immigration and Customs Enforcement ("ICE") custody in June 2023 pursuant to 8 U.S.C. § 1226, abided by the terms of his release, but was re-detained on November 2, 2025, "for no apparent reason." ECF No. 1 at 3. Petitioner seeks an order declaring he is detained pursuant to 8 U.S.C. § 1226 and restoring the terms of his prior release "which [the Department of Homeland Security] determined was appropriate in 2023," or, in the alternative, an order providing a "custody redetermination hearing" pursuant to section 1226(a) at which the government bears the burden of proving Petitioner is a flight risk or a danger to the community. *Id.* at 2, 5. Petitioner reiterates his requests for relief in an "emergency motion for a temporary restraining order and order to show cause."[1] ECF No. 2 at 7. Petitioner's

---

[1] Capitalization omitted.

1

emergency motion also requests that this Court order he not be moved outside the jurisdiction until such time as the Court may decide the matter on the merits, and order Respondent's to show cause why a preliminary injunction should not issue. *Id.* at 8.

For the reasons set forth below, Petitioner's emergency motion for a temporary restraining order, ECF No. 2, is DENIED, but Respondents are ordered to SHOW CAUSE within 10 days why the Petition, ECF No. 1, should not be granted.

## TEMPORARY RESTRAINING ORDER

With respect to Plaintiff's emergency motion for a temporary restraining order ("TRO") pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court notes that a TRO is an "extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *JBR, Inc. v. Keurig Green Mountain, Inc.*, 618 F. App'x 31, 33 (2d Cir. 2015) (citation omitted). Irreparable harm is the *"sine qua non* for preliminary injunctive relief,"* and the moving party must first demonstrate that irreparable harm would be "likely" in the absence of injunctive relief before other factors toward granting relief will be considered. *Id.* (quoting *USA Recycling, Inc. v. Town of Babylon*, 66 F.3d 1272, 1295 (2d Cir. 1995)). Provided irreparable harm is demonstrated, a party seeking a TRO against the federal government that will affect government action taken pursuant to a statutory or regulatory scheme must show both a likelihood of success on the ultimate merits of the lawsuit, and that the balance of hardships tips in the moving party's favor while the public interest is not disserved by the relief granted. *Sussman v. Crawford*, 488 F.3d 136, 140 (2d Cir. 2007); *New York v. United States Dep't of Educ.*, 477 F. Supp. 3d 279, 294 (S.D.N.Y. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)).

In addition, Rule 65(b) of the Local Rules of Civil Procedure for the Western District of

New York requires that an application for a TRO include: a copy of the complaint (or, as here, petition); the motion for a TRO; a memorandum of law in support of the TRO, citing legal authority showing that the party is entitled to the relief requested; a proposed order granting the TRO; and, a motion for an expedited hearing pursuant to Loc. R. Civ. P. 7(d)(1). Loc. R. Civ. P. 65(b)(2). Rule 7(d)(1) of the Local Rules further provides that a party seeking an expedited hearing must make a separate motion for the hearing; include a proposed order granting an expedited hearing with proposed dates for serving the motion and filing responsive papers; if filed *ex parte*, "shall state the attempts made to resolve the dispute through a motion on notice;" and, shall immediately after filing the motion deliver courtesy copies to chambers or contact chambers by telephone to request a waiver of this requirement.

Here, Petitioner has failed to satisfy the procedural requirements of the Local Rules of Civil Procedure. Accordingly, Petitioner's emergency motion for a temporary restraining order, ECF No. 2, is denied without prejudice.

## ORDER TO SHOW CAUSE

Nevertheless, the Court notes that 28 U.S.C. § 2243 provides that "[a] court entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted." Further, in light of the Court's prior orders on this issue, including its text order granting relief in *Da Cunha v. Freden et al.*, 25-CV-6532 at ECF No. 25, and its subsequent written decision at ECF No. 31, Respondents are hereby

ORDERED to show cause **within 10 days** of the date of this order why the Petitioner's requested relief pursuant to 28 U.S.C. § 2241 should not be granted, including through citations to supporting authority and applicable sections of the Immigration and Nationality

Act, supplemented as possible by copies of the Notice to Appear served on Petitioner, the warrant to arrest Petitioner, any other relevant exhibits helpful to resolution of this Petition, and a supporting declaration as necessary; and it is further,

ORDERED that the Clerk of Court shall forthwith serve a copy of the Petition and the emergency motion, ECF Nos. 1–2, together with a copy of this Order, electronically via a Notice of Electronic Filing to the United States Attorney's Office, Western District of New York at USANYW-Immigration-Habeas@usdoj.gov; and it is further

ORDERED that Petitioner shall have **3 days** after service of Respondent's return to file a **written response**.

Following receipt of the parties' papers, the Court will determine whether an evidentiary hearing is warranted. *See* Rule 8 of the Rules Governing Section 2254 Proceedings. In that regard, the Court observes that 28 U.S.C. § 2243 provides that "[u]nless the application for the writ and the return present only issues of law, the person to whom the writ is directed shall be required to produce at the hearing the body of the person detained," as "the person detained may, under oath, deny any of the facts set forth in the return or allege any other material facts." Accordingly, to facilitate the expeditious resolution of this matter, it is further

ORDERED that Respondents refrain from transferring Petitioner out of the United States until after the Court determines whether an evidentiary hearing is warranted.

SO ORDERED.

Dated:     December 5, 2025
           Rochester, New York

_____
HON. MEREDITH A. VACCA
United States District Judge